**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,                )<br>                                                    )<br>                    Plaintiff,              )<br>                                                    )<br>vs.                                              )<br>                                                    )<br>2 0 0 5   T o y o t a   S e q u o i a ,)<br>VIN:5TDZT38AX5S239010,        )<br>                                                    )<br>                    Defendant.             )<br>_____ ) | No. CV 09-2012-PHX-JAT<br><br>**ORDER** |

        Plaintiff United States of America ("Plaintiff") filed a Motion to Strike Claim and Answer of Mukhtiar Singh on July 14, 2010. (Doc. 21.)  The Court denied that Motion on October 25, 2010, finding Mukhtiar Singh (the "Claimant") has standing to assert a claim to the 2005 Toyota Sequoia the Plaintiff seeks to forfeit. (Doc. 23.)  Plaintiff filed a Motion to Reconsider the Court's Order on November 8, 2010. (Doc. 25.)  The Court did not order the Claimant to file a response to the Motion for Reconsideration.  L.R.Civ.P.7.2(g)(2)("No response to a motion for reconsideration and no reply to the response may be filed unless ordered by the Court . . ..").[1]

---

        [1]The Plaintiff filed a Motion for Entry of Judgment (Doc. 27) based on Claimant's failure to respond to the Motion for Reconsideration.  But, as set out above, Claimant was not allowed to file a response to the motion to reconsider absent an Order from this Court. L.R.Civ.P. 7.2(g)(2).  The Court therefore denies the Motion for Entry of Judgment (Doc. 27).

1

## I.     Legal Standard

Generally, motions for reconsideration are appropriate only if: 1) the movant presents newly discovered evidence; 2) the Court committed clear error or the initial decision was manifestly unjust; or 3) an intervening change in controlling law has occurred. *School Dist. No. 1J, Multnomah County, Or. v. AcandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Motions for reconsideration are disfavored, and parties should not use them to make arguments not raised in their original briefs. *Motorola, Inc. v. J.B. Rodgers Mechanical Contractors, Inc.*, 215 F.R.D. 581, 582 (D.Ariz.2003)(citing *Northwest Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988)).   Nor should a party file a motion to reconsider to ask the Court "to rethink what it has already thought." *Id.* (internal citations omitted). "No motion for reconsideration of an Order may repeat any oral or written argument made by the movant in support of or in opposition to the motion that resulted in the Order." L.R.Civ.P. 7.2(g)(1).  The Court ordinarily will deny a motion for reconsideration "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." *Id.*

## II.     Analysis and Conclusion

Plaintiff makes several new arguments in its Motion to Reconsider, primarily arguments regarding statutory standing and prudential standing.  Plaintiff has not indicated an intervening change in the law since the Court's Order and offers no reason why it could not have made these arguments in its original Motion to Strike.  As set out above, parties cannot use motions to reconsider to make arguments not raised in their original briefs. *Motorola*, 215 F.R.D. at 582.  The Court therefore will not address these new arguments.

Regarding the Court's ruling on Claimant's Article III standing, Plaintiff makes some of the same arguments it made in the Motion to Strike.  To the extent Plaintiff's Article III arguments in the motion to reconsider are repetitions of its earlier written arguments in support of the Motion to Strike, the Court will ignore the repetitions. L.R.Civ.P. 7.2(g)(1). The Court further holds that it did not commit clear error in finding that Claimant has Article III standing in this civil forfeiture action. *See, e.g., U.S. v. Real Property Located at 475*

1  *Martin Lane, Beverly Hills, CA*, 545 F.3d 1134, 1140 (9th Cir. 2008)(To demonstrate Article

2  III standing in a civil forfeiture action a claimant need "demonstrate only a colorable interest

3  in the forfeited property, for example, by showing actual possession, control, *title*, or

4  financial stake.")(emphasis added).

5          Nor does the Court find that it made any other clear legal errors in its October 25,

6  2010 Order.  And allowing Claimant to maintain his claim to the 2005 Toyota Sequoia was

7  not "manifestly unjust."  Plaintiff has not presented any newly discovered evidence or

8  indicated a change in controlling law.

9          The Court, however, will grant the Motion to Reconsider to a very limited extent to

10  clarify a portion of its Order, but will not grant any of the relief requested by Plaintiff.  On

11  page 3 of the October 25, 2010 Order, in recounting the background facts, the Court stated

12  that the criminal defendant "together with his wife, Claimant's daughter, paid off a large

13  portion of the loan . . ."  (Doc. 23, 3:10-12.)  The Court clarifies that the wife to whom the

14  Court referred in this sentence of its Order is Davinder Kaur, wife of the criminal defendant

15  Parminder S. Toor, and daughter of the Claimant.  So, the Court's sentence conveys that the

16  criminal defendant and his wife, Davinder Kaur, paid off a large portion of the car loan and

17  made payments toward the insurance policy on Claimant's behalf.

18          The Court denies the Motion to Reconsider in all other respects.

19          Accordingly,

20          **IT IS ORDERED** Granting Plaintiff's Motion to Reconsider (Doc. 25) to the limited

21  extent set out in this Order and Denying the Motion to Reconsider in all other respects.

22          **IT IS FURTHER ORDERED** Denying Plaintiff's First Motion for Judgment

23  Regarding Plaintiff's Motion to Reconsider (Doc. 27).

24          DATED this 30th day of June, 2011.

25

26

27                                                    James A. Teilborg
                                                     United States District Judge
28